UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
ELENA STRUJAN,                    :

                Plaintiff pro se,    :     08 Civ. 9589 (WHP) (HBP)

       -against-                :     MEMORANDUM & ORDER

TEACHERS COLLEGE COLUMBIA        :
UNIVERSITY, et al.,
                                  :
                Defendants.
----------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/3/2010
```

WILLIAM H. PAULEY III, District Judge:

        Plaintiff pro se Elena Strujan ("Strujan") brings this federal civil rights action against Defendants Teachers College of Columbia University, its Equal Opportunity Officer (collectively "Teachers College"), and David H. Quinn ("Quinn") claiming discrimination in connection with her application for admission to Teachers College. Defendants moved separately to dismiss the Amended Complaint. On May 25, 2010, this Court referred their motions to Magistrate Judge Henry B. Pitman. On August 11, 2010, Magistrate Judge Pitman issued a Report and Recommendation to this Court (the "Report") recommending that both motions be granted. Strujan and Quinn filed objections to the Report. For the following reasons, this Court adopts the well-reasoned Report in its entirety.

## BACKGROUND

        Strujan is Romanian and was 50 years of age at the time she applied to Teachers College. (Docket No. 43: Report and Recommendation of Magistrate Judge Henry B. Pitman dated Aug. 11, 2010 ("Report") at 2.) Teachers College is Columbia University's ("Columbia") graduate school of education and offers several degree programs including a master's degree in

special education. (Report at 2.) Quinn is the Chair of the American Language Program at Columbia. (Report at 6.)

In early 2005, Strujan inquired about admission to Teachers College's program in special education. (Report at 2.) Because Teachers College requires an English language proficiency exam for non-native speakers, Strujan took the a Test of English as a Foreign Language ("TOEFL"). (Report at 3.) Teachers College advised Strujan that her score of 190 was "unsatisfactory" because Columbia requires a minimum score of 500 for admission. (Report at 3.) By letter dated July 8, 2005, Teachers College further informed Strujan she could take an alternative English proficiency examination offered in-house by Columbia. (Report at 3.) Strujan also learned that she could take the International English Language Testing System ("IELTS") exam, which is only administered in Australia. (Report at 3.) When Strujan asked Teachers College why she had not previously been advised that there were alternatives to TOEFL, the official she spoke with "refused to respond and was very arrogant and disrespectful toward [Strujan]." (Report at 4.)

On August 8, 2005, Strujan sat for the alternative language exam administered by by Columbia. (Report at 4-5.) Strujan claims that she arrived on campus two hours before the exam was to start but was given erroneous directions to the exam room by Columbia staff, causing her to arrive fifteen minutes late. (Report at 5.) When she found the testing room, Strujan observed that "the other test-takers were young and predominantly Asian." (Report at 5.) Strujan failed the examination. (Report at 5.)

On August 30, 2005, Strujan complained to Teachers College about the treatment she received before and during the language examination. (Report at 6.) Strujan also contacted Columbia's American Language Program asking to review her exam answers. (Report at 6.)

Quinn denied this request, explaining that "[f]or test security reasons, we do not release copies of the test." (Report at 6.) However, Quinn offered Strujan the option to take an essay examination and undergo an oral interview in lieu of further standardized testing. (Report at 6.) Strujan did not respond to Quinn's offer. (Report at 6.)

On July 3, 2006, Strujan filed a complaint with the U.S. Department of Education's Office of Civil Rights asserting an age discrimination claim against Teachers College. (Report at 7.) One month later, the Office of Civil Rights informed Strujan that it would not investigate her complaint because it was filed more than 180 days after the events in question. (Report at 7.) Strujan's appeals of that decision were unsuccessful. (Report at 7.)

On November 11, 2008, Strujan commenced this pro se action against Columbia asserting seven claims for relief: (1) "Civil Conspiracy to Commit Humiliation;" (2) "Breach of Implied Covenant of Good Faith and Fair Dealing;" (3) "Tort[i]ous Interference with Civil Rights;" (4) "Age and Racial Discrimination Under N.Y. State's Human Rights Law;" (5) "Age and Racial Discrimination Under N.Y. City's Human Rights Law;" (6) "Age and Racial Discrimination Under Act of 1975;" (7) "The New York Executive Law, Article 15, Section 296;" and (8) "The New York Education Law, Section 313." (Report at 7-8.)

On August 31, 2009, Magistrate Judge Pitman recommended that Strujan's claims against Columbia be dismissed. District Judge Deborah A. Batts adopted that report but granted Strujan leave to amend.

On October 5, 2009, Strujan filed an Amended Complaint reiterating her earlier claims but increasing the number of defendants. After the Defendants moved again to dismiss, this action was transferred to this Court. In the Report, Magistrate Judge Pitman recommends that (1) Strujan's claim under the Age Discrimination Act be dismissed because plaintiff failed to

3

exhaust her administrative remedies; (2) her national origin discrimination claims all be dismissed for failure to state a claim, and (3) her NYHRL and NYCHRL claims of age discrimination, claims of civil conspiracy, breach of the implied covenant of good faith and fair dealing, tortious interference, and claims under Section 313 of the New York Education Law be dismissed without prejudice for lack of jurisdiction.

On August 24, 2010, Strujan filed objections to the Report. Quinn also filed an objection, taking issue with Magistrate Judge Pitman's decision to dismiss Strujan's state law civil conspiracy and tortious interference claims without prejudice.

## DISCUSSION

I. Standard of Review

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of a magistrate judge. 28 U.S.C. § 636(b)(1). This Court reviews de novo those parts of the Report to which objections are made and reviews the remainder for clear error on the face of the record. 28 U.S.C. § 636(b)(1); Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008). "In addition, when a party makes only generalized or conclusory objections, or simply reiterates his original arguments," only the clear error standard is relevant. Fabricio v. Artus, No. 06 Civ. 2049 (WHP), 2009 WL 928039, at *1 (S.D.N.Y. Mar. 12, 2009). In the same vein as a motion for reconsideration, an objection to a magistrate judge's report is not an opportunity for a second bite at the apple or the "opening of a dialogue in which [a] party . . . [may] advance new theories or adduce new evidence." Compare Ortiz, 558 F. Supp. 2d at 451 with De Los Santos v. Fingerson, No. 97 Civ. 3972 (MBM), 1998 WL 788781, at *1 (S.D.N.Y. Nov. 12, 1998); see also Gonzalez v. Garvin, 99 Civ. 11062 (SAS), 2002 WL 655164, at *1-2

(S.D.N.Y. Apr. 19, 2002) ("Petitioner's second objection must also be dismissed because it offers a new legal argument that was not presented in his original petition, nor in the accompanying Memorandum of Law."). Rather, it must be an earnest protest that the magistrate judge's report contains a fundamental error of fact or reasoning requiring a fresh look at the issue. Finally, a court reads a pro se plaintiff's objections liberally and considers the strongest arguments they suggest. See McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999).

II. Strujan's Objections

Strujan's lengthy discourse relies primarily on the rhetoric of early American orators like Patrick Henry. Nevertheless, this Court distills three objections to the Report from Strujan's narrative: (1) that the exhaustion requirement for Strujan's Age Discrimination Act claim should be waived because she was prevented from timely filing it; (2) that her claim regarding Columbia staff misdirecting her to the testing center is well-pled; and (3) that she adequately alleged the existence of a civil conspiracy.

A. Exhaustion of Administrative Remedies

The Age Discrimination Act of 1975 provides that "[n]o action [for age discrimination in federally-assisted programs] shall be brought . . . if administrative remedies have not been exhausted." 42 U.S.C. § 6104(e)(2). "[F]iling a timely charge of discrimination . . . is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Downey v. Runyon, 160 F.3d 139, 146 (2d Cir. 1998) (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982)). "[A] defendant may be equitably estopped from asserting the statute of limitations in cases where the plaintiff knew of the existence of [her] cause of action but the

5

defendant's conduct caused [the plaintiff] to delay in bringing [her] lawsuit." Wall v. Constr. & Laborers' Union Local 230, 224 F.3d 168, 175-76 (2d Cir. 2000) (internal quotation marks omitted).

Both estoppel and equitable tolling are inapplicable here. As the Magistrate Judge properly held, Strujan cannot benefit under an estoppel theory because she does not assert that any Defendant made a definite misrepresentation of fact or that she relied on any such misrepresentation to her detriment. See Wall, 224 F.3d at 176. Although Strujan claims that Columbia delayed in responding to her inquiries, she never asserts that they misled her about the Office of Civil Rights' deadlines. Further, this is not a "rare and exceptional" case in which equitable tolling would be appropriate. See Bertin v. United States, 478 F.3d 489, 494 n.3 (2d Cir. 2007) (quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam)). Strujan refused to respond to Quinn's offer to give her a new test and then waited nine months before complaining to the Department of Education. She was not diligent in pursuit of her discrimination claims.

Accordingly, because Strujan failed to file a timely complaint with the Department of Education, her age discrimination claims are dismissed.

B. National Origin Discrimination

Title VI of the Civil Rights Act of 1964 provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. To establish a Title VI claim, "the plaintiff must show, inter alia, that the defendant discriminated against h[er] on the basis of race, that that discrimination was intentional, and that the discrimination was a 'substantial' or

6

'motivating factor' for the defendant's actions." Tolbert v. Queens Coll., 242 F.3d 58, 69 (2d Cir. 2001) (internal quotation marks and citations omitted).

None of the allegations in Strujan's complaint are tied to her Romanian ancestry. Patane v. Clark, 508 F.3d 106, 112 (2d Cir. 2007) ("Plaintiff's Complaint does not allege that she was subject to any specific gender-based adverse employment action by [the defendant] . . . nor does it set forth any factual circumstances from which a [discriminatory] motivation for such an action might be inferred."). Strujan's allegations that Teachers College discriminated against her are based purely on conjecture—indeed, she puts forward no discriminatory remarks made by Defendants. Rather, her allegations are based entirely on being misdirected to the testing center by an officer worker and subsequently being told to ask a librarian for directions. Again, without a causal connection to Romanian-based animus, these allegations are insufficient to support a claim for national origin discrimination.

    C.  Civil Conspiracy

Strujan lodges a final objection to a footnote in the Report that Strujan failed to state a civil conspiracy claim under 42 U.S.C. § 1985. Because a plaintiff "must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end" in order to state a civil conspiracy claim, and Strujan offers no such allegation, this claim is properly dismissed. Webb v. Goord, 340 F.3d 105, 110 (2d Cir. 2003).

III. Quinn's Objections

Quinn objects to the Magistrate Judge's decision not to exercise supplemental jurisdiction over the state law claims against him. "In general, where the federal claims are

dismissed before trial, the state claims should be dismissed as well." <u>Marcus v. AT&T Corp.</u>, 138 F.3d 46, 57 (2d Cir. 1998).

Upon dismissing all of Strujan's federal claims, the Magistrate Judge declined to exercise supplemental jurisdiction over all of Strujan's remaining claims. Having determined that no federal violations occurred, this result was sensible and correct. Quinn's application presents a false choice to this Court—decide some, but not all, of Strujan's state law claims. But a federal court's subject matter jurisdiction is not premised on what is convenient to one party. <u>Arbaugh v. Y&H Corp.</u>, 546 U.S. 500, 514 (2006) ("First, subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." (internal quotation marks omitted)). Although Quinn envisions that his application for a federal court to entertain claims it is not empowered to hear would expedite the resolution of this litigation, this Court is confident the opposite result would obtain. Accordingly, the Magistrate Judge's decision declining to exercise supplemental jurisdiction over Strujan's remaining state law claims was appropriate.

## CONCLUSION

For the foregoing reasons, this Court adopts the well-reasoned Report and Recommendation of Magistrate Judge Henry B. Pitman dated August 11, 2010. Accordingly, Strujan's claims under the Age Discrimination Act and her national origin claims under federal and state law are dismissed with prejudice. Strujan's claims of age discrimination under state law, as well as her claims for civil conspiracy, breach of the implied covenant of good faith and fair dealing, tortious interference with contract, and violations of New York Education Law are dismissed without prejudice. The Clerk of Court is directed to terminate all motions pending and mark this case as closed.

Dated:   September 3, 2010
         New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Copy mailed to*:

The Honorable Henry B. Pitman
United States Magistrate Judge

Elena Strujan
P.O. Box 20632
New York, NY 10021
*Plaintiff Pro Se*

9

*Counsel of record:*

Edward Andrew Brill, Esq.
Proskauer Rose LLP
1585 Broadway
New York, NY 10036
*Counsel for Defendant Teachers College*

James Preston O'Brien, Jr, Esq.
Nixon Peabody, LLP
50 Jericho Quadrangle
Suite 300
Jericho, NY 11753-2728
*Counsel for Defendant Quinn*